IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| First Acceptance Insurance Company, Inc. ) | Civil Action No. 9:15-2577-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Topeka Blackshear, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff First Acceptance Insurance Company, Inc.'s ("First Acceptance") uncontested motion for summary judgment. For the reasons set forth below, the Court grants the motion as to First Acceptance's second declaration and denies it as to First Acceptance's first declaration, which is dismissed as moot.

I. **Background**

On March 8, 2014, a 2008 Ford Explorer driven by Defendant Topeka Blackshear was involved in a collision with a 2007 Chevrolet Impala in Ridgeland, South Carolina. (Compl. ¶ 13, June 26, 2015, Dkt. No. 1.) Ms. Blackshear and Defendants Joe Hicks, James Ling, and DL (a minor) potentially were injured. (*Id.* ¶ 14.) At the time of the collision, the Ford Explorer operated by Ms. Blackshear was listed on a Nationwide automobile insurance policy issued to Leticia Ling. (*Id.* ¶ 15.) Ms. Blackshear held an automobile liability policy issued by First Acceptance ("Policy 50596") that listed one covered vehicle, a 1991 Chevrolet K1500. (Policy 50596 Decl. P., Jan. 7, 2014, Dkt. No. 27-2 at 1.) Policy 50596 excluded any other vehicle owned by Ms. Blackshear or "furnished or available for [her] regular use." (*Id.* at 11.)

First Acceptance filed the present action on June 26, 2015, seeking a declaration that Policy 50596 provides no coverage for the Ford Explorer because it was "de facto 'owned' by Topeka

Blackshear" (first declaration) and a declaration that the policy provides no coverage because the Ford Explorer was "furnished or available" for her regular use (second declaration). (Compl. ¶¶ 24–32.) In support of those assertions, First Acceptance alleges that 1) Ms. Blackshear drove the Ford Explorer on a daily basis, 2) that it was garaged at her home, and 3) that she made monthly payments for it directly to a lender. (Id. ¶¶ 17–19.)

Ms. Blackshear and Mr. Ling have not answered the complaint and on July 13, 2016, the Clerk entered their default. (Entry of Default, Dkt. No. 26.) Mr. Hicks and the minor DL answered the complaint on October 16, 2015. (Answer, Dkt. No. 9.) No Defendant has responded to Plaintiff's motion for summary judgment.

## II.   Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party," *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996), but it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993) (internal quotation marks omitted).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

#### A. First Declaration

First Acceptance alleges that the Ford Explorer was "de facto owned" by Ms. Blackshear, and so is subject by the policy exclusion regarding non-covered vehicles owned by the insured. (Compl. ¶ 26.) First Acceptance's phrase "de facto owned" apparently means that Ms. Blackshear held some sort of equitable title or interest in the vehicle. Equitable interests are irrelevant to the coverage exclusion First Acceptance asserts—either the Ford Explorer met the policy definition of "owned" or it did not. First Acceptance drafted that definition. Policy 50596 defines "owned" as legal title, legal possession subject to a written security agreement with a term of at least six months, or legal possession pursuant to a written lease for a continuous period of at least six months. (Policy 50596, Dkt. No. 27-2 at 7.)

First Acceptance admits that Leticia Ling held title to the Ford Explorer. (Mem. Supp. Mot. Summ. J. 2, July 15, 2016, Dkt. No. 27-1.) There is no allegation that the vehicle was leased to Ms. Blackshear. First Acceptance alleges that Ms. Blackshear co-signed a note secured on the vehicle, but in support of that allegation, First Acceptance offers only excerpts from depositions

-3-

of two persons who apparently were neither present at the signing nor had ever seen the allegedly cosigned documents. First Acceptance alleges that Ms. Blackshear had been making payments on the note directly to the (unidentified) lender (Compl. ¶ 19), but offers no evidence to support that allegation.

The Court is reluctant to declare that titled property was owned—equitably or legally—by someone other than the titleholder, based on the allegations of a party asserting no interest in that property, supported only by excerpts from depositions of persons lacking relevant first-hand knowledge. Adjudication of First Acceptance's coverage responsibilities regarding the March 8, 2014 collision requires no such declaration. The claim that the Ford Explorer was "de facto owned" by Ms. Blackshear serves as nothing more than an alternate phrasing of "furnished or available" for her "regular use." The Court therefore denies First Acceptance's motion for summary judgment as to its first declaration, and, because First Acceptance's coverage responsibilities are fully adjudicated by the Court's grant of summary judgment as to First Acceptance's second declaration, *infra*, the Court dismisses First Acceptance's first declaration as moot.

### B.     Second Declaration

First Acceptance alleges that the Ford Explorer was "furnished or available" for Ms. Blackshear's "regular use," and so is subject by the policy exclusion regarding non-covered vehicles so furnished to the insured. First Acceptance asserts that, over a period of approximately one year, Ms. Blackshear drove the vehicle every day, kept possession of the keys, and kept it garaged at her home. (*See* Compl. ¶¶ 17–19; Mem. Supp. Mot. Summ. J. 3; Teresa Hicks Dep. 17:3–10; Joe Hicks Dep. 21:1–19.) That is sufficient to satisfy any reasonable definition of "available" for "regular use." *See, e.g., Tollison v. Reaves*, 289 S.E.2d 163, 165 (S.C. 1982); *Aetna*

*Cas. & Sur. Co. v. Sessions*, 194 S.E.2d 877, 880 (S.C. 1973) (holding that "steady and daily use of the vehicle" meant that the vehicle was "[u]nquestionably . . . furnished for regular use").

No Defendant contests Plaintiff's assertions that Ms. Blackshear kept Ford Explorer at her home and used it daily. Ms. Blackshear and Mr. Ling have defaulted. The answer of Mr. Hicks and the minor DL denies having any knowledge of where the Ford Explorer was garaged or who had access to it (Answer ¶ 4), although Mr. Hicks later testified that the Ford Explorer was "her vehicle" (referring to Ms. Blackshear), (Joe Hicks Dep. 29:18–30:23).

The Court therefore grants First Acceptance's motion for summary judgment as to the second declaration, and declares that automobile liability policy number CSSC 000050596, issued by First Acceptance Insurance Company, Inc. to Topeka Blackshear on January 7, 2014, provides no coverage for the March 8, 2014 collision in Ridgeland, South Carolina, between a 2008 Ford Explorer operated by Ms. Blackshear and a 2007 Chevrolet Impala.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for summary judgment as (Dkt. No. 27). The Court **GRANTS** summary judgment as to Plaintiff's second declaration and **DENIES** summary judgment as to Plaintiff's first declaration, with is **DISMISSED AS MOOT**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 3, 2016
Charleston, South Carolina